IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VINCENT MARTIN,

    Plaintiff,

    v.                                                                No. CIV 14-0807 MCA/SCY

GREGG MARCANTEL,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss the complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant issued a departmental order discontinuing the family-visit program in state correctional facilities.  The program was authorized by state statute, N.M. Stat. Ann. § 33-2-12.1 (Repl. Pamp. 1998), and, according to Plaintiff, was established in 1984 under corrections policy CD-100202, entitled "Family Visits."  On April 17, 2014, in a video presentation to inmates, the department announced that it had concluded, after a two-year study, that "there were no significant benefits, toward maintaining family bonds achieved by participation in the program."  Shortly thereafter, the revised policy, dated April 3, 2014, became available, indicating that the family-visit program would cease.  Plaintiff asserts that the program had conferred a liberty interest on him, and that the termination violated his due process rights under the Fifth and Fourteenth Amendments.

To state a § 1983 claim under the Due Process Clause, Plaintiff's complaint must allege a constitutionally protected interest which has been violated by Defendant.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  As the Supreme Court ruled in *Sandin v. Conner*, 515 U.S. 472 (1995), a prisoner's state-created liberty interests "will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484.  If an inmate does not have a protected liberty interest in the existence of a program during incarceration, the allegation of a program's termination does not support a claim under the Due Process Clause.  *See Harper v. Young*, 64 F.3d 563, 564 (10th Cir. 1995) ("Due Process Clause shields from arbitrary or capricious deprivation those facets of a convicted criminal's existence that qualify as 'liberty interests.' "), *aff'd,* 520 U.S. 143, 153 (1997).  Likewise, the "State [can] create[] a protected liberty interest by placing substantive limitations on official discretion."  *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).  Plaintiff's

allegations are not actionable unless the family-visit statute conferred on Plaintiff the right to be free from an atypical hardship of prison life, or limited official discretion.

The complaint's allegations do not meet these standards. The statute authorizes the corrections secretary to establish the family-visit program. *See* N.M. Stat. Ann. § 33-2-12.1. Furthermore, the statute defines "family" and "family visit" for purposes of operating the program. *See* § 33-2-12.1(A), (B). These provisions clearly do not require inmates to apply for participation in the program or otherwise restrict corrections officials' discretion in operating the program. *Cf. Smith v. Stoner*, 594 F. Supp. 1091, 1096-97 (N.D. Ind. 1984) (noting that it was "wholly within the [official's] discretion as to whether the work release program could be created or remain in existence"). The statute neither gives Plaintiff a "parent substantive right," *Shango v. Jurich*, 681 F.2d 1091, 1101 (7th Cir. 1982), of freedom from an atypical hardship, *see Sandin*, 515 U.S. at 484, nor limits officials' discretion in operating or continuing the program, *see Olim*, 461 U.S. at 249. As a result, no due process rights were violated by Defendant's termination of the program.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE